UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF FLORIDA
TAMPA DIVISION

TIMOTHY E. ROBINSON,

          Plaintiff

                                  8:15-cv-2740-SDM-MAP

vs.

JAMES S. GIARDINA
KIMBERLY WOCHHOLZ,
JOHN R. SHARP.,

          Defendants,

_____/

## MOTION TO SET ASIDE DISMISSAL

PLAINTIFF, Timothy E. Robinson, an individual hereinafter PLAINTIFF, respectfully moves this court under F.R.C.P Rule 60(a), Rule 60(b)(1) and Rule 60(b)(6) to vacate and/or set aside the DISMISSAL that was handed down April 8, 2016 (DOC.7). The following events are essential to a proper understanding of the issues raised by this Motion:
The DEFENDANTS JAMES S. GIARDINA, and KIMBERLY WOCHHOLZ were in fact served via certified mail (see attachments) in full compliance with Florida State law.

1. DEFENDANT GIARDINA was served with the Civil Summons on March 18, 2016 at 3:22pm the location was 3104 W. Waters Ave. #200 Tampa, FL and the proof of service is Tracking Number70150640000137732914. The Summons was signed for by Olivia Nichols a supposed adult employee of The Consumer Rights Law Group.

2. DEFENDANT WOCHHOLZ was served with a Civil Summons on March 18, 2016 at 12:21pm the location was 3104 W. Waters Ave. #200 in Tampa, FL and the proof of service Tracking Number is 70150640000137732884. The Summons was signed for by Olivia Nichols a supposed adult employee of The Consumer's Rights Law Group.

3. The Summons to DEFENDANT SHARP was unexecuted, the attempt to serve him was unsuccessful. The PLAINTIFF was unsure if the Summons had to be served on DEFENDANT SHARP Attorney, The Consumer Rights Law Group, or at DEFENDANT SHARP's address.

4. PLAINTIFF respectfully requests this Court be mindful this is a Pro Se' filing. Furthermore, PLAINTIFF did NOT fail to litigate his claim, in fact PLAINTIFF was actually waiting and granting both GIARDINA & WOCHHOLZ (DEFENDANTS) the standard 21 days to ANSWER.

5. On or about March 25, 2016 PLAINTIFF did receive returned a post postcard via U.S Postal Service confirming receipt of Summons on DEFENDANT JAMES GIARDINA.

6. On or about March 28, 2016 PLAINTIFF received a postcard via U.S Postal Service confirming receipt of a Summons on DEFENDANT WOCHHOLZ.

7. On or about April 4, 2016 PLAINTIFF received an ORDER by the Court in which the PLAINTIFF was informed the deadline to serve the DEFENDANTS had expired on March 23, 2016. Please be advised that PLAINTIFF failure to immediately provide the Court with the proof of service was an honest oversight and the result of inexperience and NOT carelessness or inaction. As previously stated, PLAINTIFF did meet the requirements serving both DEFENDANTS and therefore did not need/nor request an extension of time.

8. However, on April 4, 2016, in compliance with the ORDER imposed by the Court, PLAINTIFF did send proof of service to the Court via regular mail, and the items were returned to PLAINTIFF on or about April 13, 2016. For the record, the items were returned by the U.S Postal Service, supposedly for insufficient postage, the explanation PLAINTIFF received from the Postal Clerk was that in all likelihood the "weight" of the letter required more postage.

9. This Court will remember that (as a Defendant) ALL of the PLAINTIFF'S correspondence was sent via Federal Express to insure tracking, and delivery in a timely manner. However, in an attempt to be more cost effective PLAINTIFF utilized the United States Postal Service to serve the Summons (Certified Mail) on both DEFENDANTS and also provide the Court with proof of service via regular mail.

10. On or about April 14, 2016 PLAINTIFF received an ORDER from the Court that the Case was DISMISSED WITHOUT PREJUDICE for failure to move for an extension of time. As previously stated, the Motion for an extension of time was legally unnecessary.

11. PLAINTIFF did not willfully disregard the ORDER, or the Court process, the proof of service was sent and the circumstances regarding the Postal Service refusal to deliver the items are beyond the PLAINTIFF control.

12. I, Timothy E. Robinson (PLAINTIFF) DECLARES, this to be true, the failure to have "sufficient" postage on the "proof of service" documents was an unfortunate, unintentional, inadvertent mistake. In hindsight, PLAINTIFF regrets that he did not make arrangements to send the proof of service to the Court via Certified Mail.

13. Above all else, the Court must preserve the interests of Justice and the need to afford PLAINTIFF and DEFENDANTS their day in Court and to ensure prompt and fair adjudication.

14. The DEFENDANTS will not be prejudiced. Also, DEFENDANTS can attest they were served prior to the March 23, 2016 deadline.

15. PLAINTIFFS Case is meritorious and contains overwhelming evidence of the DEFENDANTS abusive and malicious legal tactics. The PLAINTIFF has a constitutional and substantial right to litigate his Case, and with this ORDER, the Court has taken away this right.

16. A Motion for reopening and/or setting aside an ORDER is appropriate when the Court has misapprehended the facts, actions, and/or position of a party.

17. The ORDER was based **primarily** on the erroneous conclusion that the DEFENDANTS were never served. Please be advised, the aforementioned circumstances and PLAINTIFFS inadvertent actions were not intended to prejudice the DEFENDANTS, cause undue delay, or waste the valuable time of this Court.

18. With respect to F.R.C.P, and rules such as 60(B)(1), which provides relief from a JUDGEMENT, and/or an ORDER , relief is NOT discretionary it's mandatory.

19. The MOTION is timely and premised upon inadvertence, mistake, surprise, and/or reasonable neglect under Rule 60(b)(1) and Rule 60(b)(6), which also states that the filing must be brought in a reasonable amount of time within one year. United States v. Buck, 281 F.3d 1336, 1344, Citing Orner v. Shalala 30 F.3d, 1307, 1310.

## CONCLUSION

20. In discussing Rule 60 the Ninth Circuit Court of Appeal has stated that this rule, like all the Federal Rules of Civil Procedure, "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." Rodgers v. Watt, 722 F.2d 456, 459 i.

    To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (adopting this test for consideration of Rule 60(b) motions).

21. The United States Supreme Court has stated that the determination of what conduct constitutes "excusable neglect" under Rule 60(b)(1) and similar rules "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380, 395 (1993).

22. In conclusion, PLAINTIFF is well aware that the ORDER/DISMISSAL could be advantageous, because it enables PLAINFIFF to re-file the Lawsuit and amend the Complaint to add and/or include The Consumer Rights Law Group as a DEFENDANT. PLAINTIFF was also advised that SHARP could be served via The Consumer Rights Law Group. Although these are legal options that could certainly work in The PLAINTIFFS favor, however, the emotional distress and mental anguish have been overwhelming. Therefore, PLAINTIFF respectfully Moves this Court to exercise its power under F.R.C.P 60(a), 60(b)1, and Rule 60(b)6 to set aside the ORDER (DOC.7) and re-open CASE NO. 8:15-cv-2740-SDM-MAP.

    I CERTIFY that on April 18, 2016, I have prepared this motion with the Clerk of the Court. I also CERTIFY that I have mailed the foregoing document filing by registered mail to: James Giardina et, al.,

James Giardina
3104 W. Waters Ave. #200
Tampa, FL 33614

Dated 4/18/16

