UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY E. ROBINSON,

    Plaintiff,

v.                                  CASE NO. 8:15-cv-2740-T-23MAP

JAMES S. GIARDINA, et al.,

    Defendants.
_____/

## **ORDER**

On November 24, 2015, the *pro se* plaintiff, Timothy E. Robinson, sued (Doc. 1) the defendants for malicious prosecution. At the time of filing, Rule 4(m), Federal Rules of Civil Procedure, allowed Robinson 120 days from the filing of the complaint to serve the defendants. The time for Robinson to serve the defendants expired on March 23, 2016, and no proof of service appeared on the docket. A March 24 order (Doc. 7) states:

> No later than **APRIL 7, 2016**, Robinson may move for an extension of time to serve the defendants. Under Rule 4, the motion must "show[] good cause for the failure" to serve and must account for all 120 days. Also, under Rule 6(b)(1)(B), the motion must show at least excusable neglect for Robinson's failure to request an extension before the expiration of the 120 days and for Robinson's continuing failure to request an extension. . . . If Robinson fails to show good cause or fails to demonstrate excusable neglect, an order will dismiss the claims against all defendants.

Because Robinson failed to move for an extension of time, an April 8, 2016 order (Doc. 8) dismisses the action.

Robinson moves (Doc. 9) "to vacate and/or set aside the dismissal." The motion states that James S. Giardina and Kimberly Wochholz were both served on March 18, and that Robinson's "failure to immediately provide the Court with the proof of service was an honest oversight and the result of inexperience and not carelessness or inaction." (Doc. 9 at 2) Also, the motion states that on April 4, 2015, Robinson sent the "proof of service to the Court via regular mail," but "the items were returned to" him, "supposedly for insufficient postage." (Doc. 9 at 2) Thus, Robinson shows excusable neglect for his failure to file the proof of service for Giardina and for Wochholz.

However, Robinson shows no excusable neglect for his failure to serve John R. Sharp, Jr., nor for Robinson's failure to request an extension of time to serve. Instead, the motion states that "[t]he summons to . . . Sharp was unexecuted, the attempt to serve [Sharp] was unsuccessful." (Doc. 9 at 2)

Accordingly, the motion (Doc. 9) "to vacate" the dismissal (Doc. 8) of this action is **GRANTED IN PART**. The clerk is directed to re-open this action against Giardina and Wochholz. Otherwise, the motion (Doc. 9) is **DENIED**, and Sharp is terminated as a party in this action. Also, the complaint (Doc. 1) is **STRICKEN** for failure to comply with Local Rule 1.05(a), which requires double-spacing (2.0 spaces,

not 1.9 or less); twelve-point font (thirteen-point is better); 1.25-inch top, bottom, and left margin; and a 1- to 1.25-inch right margin.  No later than **MAY 24, 2016**, Robinson must amend the complaint to comply with the Federal Rules of Civil Procedure and the Local Rules.  Further, the amended complaint must comply with this order, including removing any claim against Sharp.

   Robinson is warned that litigation in federal court is difficult.  Robinson's complaint suffers from obvious deficiencies that suggest that Robinson requires legal advice and assistance from a member of The Florida Bar.  The court cannot assist a party, even a *pro se* party, in conducting a case.  Therefore, Robinson is strongly advised to consult a member of The Florida Bar.

   ORDERED in Tampa, Florida, on May 3, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE