UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY E. ROBINSON,

        PLAINTIFF,

Case No: 8:15-cv-02740-SDM-MAP

vs.

CONSUMER RIGHTS LAW GROUP PLLC

JAMES S. GIARDINA et al,.

        DEFENDANTS,
_____/

## AMENDED COMPLAINT FOR MALICIOUS PROSECUTION

Plaintiff, TIMOTHY E. ROBINSON, an individual hereinafter Plaintiff, sues Defendants, JAMES S. GIARDINA, KIMBERLY WOCHHOLZ, AND CONSUMER RIGHTS LAW GROUP hereinafter Defendants, for <u>MALICIOUS PROSECUTION</u> and <u>ABUSE OF THE LEGAL PROCESS</u> and alleges the following in support of:

### JURISDICTION AND PARTIES

1. TIMOTHY E. ROBINSON is a resident of Erie County, in the State of New York.

2. Defendants GIARDINA, WOCHHOLZ, AND CRLG all reside and/or operate in Hillsborough County in the State of Florida.

3. This VENUE is proper in this District and The Court has Jurisdiction pursuant Under 28 U.S.C. § 1331, 1332, and 1391, in a civil action, such as this action, may be brought in a judicial district where any defendant resides, and/or if all defendants reside in the same State.

4. This action is for $2,490,300. ($2 Million 490 thousand and 300 Dollars.

## FACTS

5. On or about April 19, 2014 Plaintiff was served by Defendants, with a Drafted Complaint. This Complaint (which was later determined to contain a forged/altered document) was sent to Plaintiff ROBINSON'S place of residence in Cheektowaga, New York and to the office of Attorney Daria Pratcher. For the record, the Defendants had NO authorization to contact, discuss or disclose to Pratcher.

6. The front page of this Drafted Complaint (Exhibit A) listed the following Defendants: Kingsman Acquisition Firm Inc., Donna Marble, and David McKenzie as individuals.

7. Kingsman Acquisition Firm Inc., (hereinafter KAF) is a Corporation based in New York State, its only office is in New York State.

8. Donna Marble (hereinafter Marble) is a natural person who resides in New York State.

9. David McKenzie (hereinafter McKenzie) is a natural person, and an independent contractor, who resides in New York State.

10. In the Introduction portion of The Drafted Complaint DEFENDANTS (jointly) allege FDCPA and FCCPA violations against KAF, McKenzie, and Marble.

11. The FACTUAL ALLEGATIONS portion (paragraph 22) of the Drafted complaint Defendants (jointly) allege KAF, McKenzie, and Marble made repeated attempts to collect a debt from their client on or about November 13, 2013.

12. In the FACTUAL ALLEGATIONS portion (paragraph 24) of the drafted complaint the Defendants (jointly) allege that McKenzie, left a voicemail message on

their client's answering machine, demanding a returned call.

13. In the FACTUAL ALLEGATIONS portion (paragraphs 26-40) and the entire 18 Count section of the Drafted Complaint the only parties alleged to have violated their clients rights are Marble, McKenzie, and KAF.

14. The Court should note any and ALL communication that Defendants alleged to have occurred was exclusively between their client and KAF, Marble, and McKenzie.

15. The Court should also note that at NO TIME during the entire Drafted Complaint, including, but not limited to the Factual Allegations, and 18 Count Section of the Drafted Complaint does the Defendants GIARDINA, WOCHHOLZ, and CRLG mention Plaintiff ROBINSON and/or allege any wrongdoing by Plaintiff (ROBINSON).

## MALICIOUS PROSECUTION COUNT I

16. On November 21, 2014 Defendants filed a lawsuit (Case No.8:14-cv-2911-AEP) and/or SUMMONS IN A CIVIL ACTION with The UNITED STATES DISTRICT COURT for the MIDDLE DISTRICT of Florida TAMPA DIVISION against KAF Inc., and TIMOTHY ROBINSON. The Defendants (jointly), GIARDINA, WOCHHOLZ, and CRLG took an active role in this action and were all well aware that a Summons in a Civil Action becomes a matter of public record.

17. The JURY DEMAND/ INTRODUCTON portion of the Civil Complaint, (hereinafter lawsuit) Defendants GIARDINA, WOCHHOLZ, and CRLG took an active role in falsely alleging FDCPA & FCCPA violations against Plaintiff ROBINSON. Defendants (jointly) falsely stated ROBINSON was unlawful, abusive, and intrusive and had caused physical and emotional injury, including emotional distress to their client.

18. In the <u>JURISDICTION AND VENUE</u> Section of the lawsuit The Defendants falsely state The Middle District was proper because the plaintiff resides here. However Defendants GIARDINA AND WOCHHOLZ and CRLG knew the <u>Venue was NOT proper in this District</u>: Under 28 U.S.C. § 1391, in a civil action, such as this action, may be brought <u>only</u> in "(1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated. This Venue was obviously inconvenient, and intended to further vex Plaintiff ROBINSON with additional costs and hereby giving the DEFENDANTS an unfair advantage.

19. In the <u>PARTIES Section</u> (paragraph 8 & 16) of the lawsuit, Defendants took an active role in falsely stating that Plaintiff (ROBINSON) was *personally* involved in the attempted collection of the alleged debt from their client.

20. The <u>FACTUAL ALLEGATIONS</u> Section of the lawsuit (with the exception of paragraph 40) The Defendants maliciously and falsely state, Plaintiff ROBINSON committed every violation that was *initially* alleged against KAF, Marble, and McKenzie in the original in Drafted Complaint.

21. The Court should note that The Defendants (jointly) failed to introduce or produce any new evidence, facts, or information to support their claims and therefore had NO

probable cause or reasonable grounds to file a lawsuit against Plaintiff.

22. In <u>FACTUAL ALLEGATIONS</u> (paragraph 40) of the lawsuit, the Defendants introduce as evidence, an alleged verbatim message, supposedly left on their client's answering machine by contractor <u>David McKenzie</u>.

23. This serves as irrefutable and undeniable proof that the Defendants (jointly) intentionally ignored its own "evidence" against Marble and McKenzie and/or made <u>NO EFFORT</u> to present accurate facts. Instead, the Defendants (jointly) initiated and continued this vexatious, baseless, lawsuit against ROBINSON with an ulterior motive and for an improper purpose.

24. The Defendants (jointly) hired .A.A.P.S an apparent Process Service Company in Buffalo, NY, to show up at ROBINSON'S private residence, pound on the door aggressively and hereby disrupt, disturb, and frighten his young children. This occurred in full view of his neighbors. The malice and hostility on the part of these Defendants (jointly) constitutes a deliberate abuse and misuse of the legal process at the expense of the wrongfully accused Plaintiff.

25. By law, attorney(s) are <u>NOT</u> immune from liability, if and when an attorney(s) supervises and/or knowingly launches and participates in the continuation of a baseless case or takes any action to aid in vexatious litigation, in this instance he/she <u>must</u> be held liable.

26. As cited before, On May 14, 2015 Plaintiff ROBINSON consulted with Attorney Thomas Denny. Mr. Denny is a reputable Bankruptcy Attorney in Amherst, NY. After exploring several options (including bankruptcy protection), Mr. Denny set up a Conference call with Defendant GIARDINA about a possible settlement for KAF Inc., and ROBINSON.

Defendant GIARDINA was well aware it was a conference call and that Plaintiff ROBINSON was present. GIARDINA rejected a legitimate settlement offer $3,500.00 and countered (without presenting it their client) in the amount of $5,000.00. Mr. Denny informed Defendant GIARDINA that $5,000.00 was difficult for ROBINSON to procure. Defendant GIARDINA then repeatedly asked "what kind of car does Mr. Robinson drive"? Giardina repeated this question several times and when it became obvious he was implying a possible seizure of ROBINSON'S vehicle,... exasperated! Mr. Denny finally said "I'm not telling you what kind of car Mr. Robinson drives!"...."and furthermore you can NOT legally just *"take"* his car! GIARDINA then replied to Mr. Denny "I hope you are charging Robinson by the hour". This exchange is verbatim and it is not meant to belabor the point, on the contrary, it shows a consistent pattern of abuse, ill will and hostility toward Plaintiff ROBINSON and how GIARDINA went out of his way to intimidate, humiliate and belittle ROBINSON.

27. It should be noted, that under duress and out of fear, from *scare tactics* applied by GIARDINA, ROBINSON reluctantly agreed to attempt to procure the additional money in order to satisfy the entire $5,000.00. On the conference call, GIARDINA agreed to allow reasonable time to secure the entire amount. Attorney Denny was compensated for his services which included, but were not limited to, the letter he sent to the Court (see Exhibit B) acknowledging the Conference call and Settlement agreement. Yet on May 20, 2015 (less than 7 days after agreement) GIARDINA, WOCHHOLZ, and CRLG acting in bad faith,
{Pleading title summary} - 13
maliciously filed an Entry of Default with the Court against KAF Inc., and ROBINSON!

Plaintiff was demoralized, depressed, distressed, and began to conclude there had to be an ulterior motive, with respect to these Defendants.

28.    In compliance with a deadline imposed by the Court, on or about August 18, 2015, ROBINSON filed a <u>MOTION FOR DISMISSAL</u> (with prejudice) citing a Lack of Personal Jurisdiction, and a Failure to State a Plausible Claim upon which Relief can be Granted. The Motion cited among other factors: The Defendants had prior knowledge, information, and evidence of who the actual parties were, and yet an obvious exemption was given to McKenzie and Marble.

29.    Defendants were well aware of the strict laws and guidelines under the Fair Debt Collections Practices Act and/or FCCPA.

30.    Plaintiff ROBINSON began to point out discrepancies and raise serious questions about the Defendants true motive as to why they would <u>deliberately disregard and suppress indisputable proof,</u> and unjustly bring a damaging FDCPA case against ROBINSON, whom THEY ALL KNEW had <u>NO</u> communication with their client.

31.    On September 2, 2015, the Defendants finally abandoned their frivolous, baseless civil action and voluntarily dismissed their case vs. ROBINSON with PREJUDICE.

32.    The sudden dismissal of their case indicates a realization that they <u>knowingly and wrongfully</u> filed a baseless case, it had NO probable cause, and the action was brought for an improper purpose.

33.    Although, the dismissal was favorable to Plaintiff ROBINSON, the mental anguish and the irreparable damage to his personal and professional reputation cannot be easily dismissed. Further stated, the intentional pain inflicted upon Plaintiff cannot be so "easily"

dismissed.

34. These three Defendants are <u>ALL</u> liable and must be held accountable.

## MALICIOUS PROSECUTION
## COUNT II

35. The prosecution of this case was brought vindictively and for an ulterior motive; for the purpose to defame, discredit, and to embarrass Plaintiff.

36. The continuation of this action, in the original case, that was brought by these Defendants was willful, wanton, and malicious and it warrants punitive damages.

37. Defendants ALLEGATIONS against Plaintiff were unfounded, frivolous, and without probable cause.

38. As a result of this Malicious Prosecution, Plaintiff ROBINSON was obligated to defend himself and expend money and time for his defense. That Plaintiff ROBINSON lost time from the ordinary pursuits in his life and home. The quality of his home life, and peace of mind were greatly diminished by this case.

39. The humiliation and embarrassment that this action caused ROBINSON and his family was devastating and unwarranted.

40. The lawsuit brought by these Defendants has caused irreparable damage to ROBINSON'S personal and professional reputation.

41. There is no question that future employment prospects and/or business opportunities, have been adversely affected, if not eliminated, as a result of this baseless, frivolous, and vexatious case against ROBINSON.

42. ROBINSON has medical proof as well as photographic proof to

show his substantial weight loss and hair loss, that can be directly attributed to the duress and stress brought on by this malicious and tortious litigation.

43. ROBINSON and his wife had to undergo intense marital counseling, due to the fact that she was considering filing for divorce, this can also be attributed to the original case which included threats by GIARDIANA, and therefore Mrs. Robinson believed that their assets would be forcibly taken by their client.

## CONCLUSION

44. Plaintiff is appreciative for the courtesy this Court has extended, please be advised that a sincere effort to retain pro-bono Legal representation with a member of the Florida Bar was unsuccessful.

45. PLAINTIFF prays this Court carefully considers the strength and Merits of this case and reasonably conclude and decide that merit, carries more legal weight than the margins. Would this Court actually permit a PLAINTIFF, who lacks Merit, to proceed and/or prevail simply because his/her Complaint complies with Local Rules? A Court of this stature is **bound** by the United States Constitution to decide a Case based on how Meritorious it is. The DEFENDANTS misconduct was blatant, evidence overwhelming, and the truth is undeniable. Being mindful of that, and also in the interest of justice PLAINTIFF respectfully requests this Court grant his day in Court.

## DAMAGES and MEMORANDUM

45. PLAINTIFF in an action for malicious prosecution can recover money for certain harms suffered. If malice is clearly proved against the party who brought the original suit, punitive damages may be awarded. In recent cases, courts have ruled that an <u>ATTORNEY(S) who KNOWINGLY</u> supervises and/or assists a client in filing worthless lawsuits out of malice may be liable for damages along with the client.

46. <u>Damages</u> in a Malicious Prosecution case are substantial they include out-of-pocket expenditures, such as attorney's and other legal fees (Stevens v. Chisolm (1919) 179 cal 557, 564-565); *business losses*(Ray Wong v. Earle C. Anthony, Inc. (1926) 199 Cal. 15, 18); *general harm to reputation,* social standing and credit ( Id.); mental and bodily harm (Singleton v. Perry (1955) 45 Cal.2nd 489, 495); *and exemplary damages* where malice is shown (MacDonald v. Joslyn (1969) 275. Punitive Damages are available where it is proven by clear evidence that the defendant has been guilty of suppression, *false statements, or malice.*

47. The supervising and participating attorney(s) must be held liable for initiating and continuing litigation, KNOWING that undeniable proof existed which clearly identified the only individuals who were actually liable based on Florida State Law. Continuation of prosecution was not legally tenable. (<u>Zamos</u> v. Stroud (2004) 32 Cal.4th 958, 971)

48. <u>Punitive</u> damages are available where it is proven by clear and convincing evidence that the defendant has been guilty of suppression, fraud, or malice. (See also

Singleton v. Singleton (1945) 68 Cal.App.2nd 681, 690 [*exemplary damages* were allowable in action for malicious damages for the sake of example and by way of punishing the defendant.

## AMENDMENT OF ORIGINAL COMPLAINT

49. Pursuant to Federal Rule 15(a) (B), (b), 15(c), it states a court will freely grant leave to file an amendment to a Complaint when the interest of Justice so requires. Additionally, the opposing party has not served an Answer, PLAINTIFF was not aware that CRLG was also liable at the time of the original complaint. This is for: good cause, in good faith, necessary to conform to the evidence, and with no trial date set, DEFENDANTS will not be prejudiced if leave were granted.

"*Foman v. Davis*, 371 U.S. 178, 182 (1962), . See, e.g., *Lawson v. Truck Drivers*. The Sixth Circuit has allowed amendment even after the expiration of discovery and after the time for amended pleadings in the scheduling order. *See, e.g., United States v. Wood*, 877 F.2d 453, 456 (6th Cir. 1989) (allowing *United States* to add a claim fourteen months after suit was filed, after discovery had closed, and three weeks before trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

a. Exemplary damages; to deter future abuses of the legal process, and protect others that are similarly situated.

b. Punitive damages for the pain that was intentionally inflicted.

c. ALL costs incurred while defending Case NO. 8:14-cv-2911-AEP.

d. Compensatory damages,

e. Past, present, and future suffering.

f. $5,000.00 a day, for the 294 days this case interrupted Plaintiff's life. It caused undue stress, financial problems, credit problems, mental anguish, and it put Plaintiff's 11 year marriage in jeopardy.

g. $1,020,300.00 for the irreparable harm caused to ROBINSON'S professional reputation. An experienced associate with the Plaintiff's expertise could easily command a base pay of a minimum $53,700.00 a year. But as a result of this action, Plaintiff is now professionally ruined and considered "damaged goods" this can also be attributed to Case No. 8:14-cv-2911-.AEP.

h. Plaintiff demands trial by jury.

Timothy Robinson (Pro Se Filing)
Cheektowaga, NY