UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY ROBINSON,

       Plaintiff,

    v.                                   CASE NO.  8:15-cv-2740-T-23MAP

CONSUMER RIGHTS LAW GROUP
PLLC, JAMES S. GIARDINA et al.,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Timothy Robinson ("Robinson"), who is proceeding *pro se* in this action, seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (docs. 2, 3).  Robinson brings this action for malicious prosecution against James S. Giardina, Kimberly Wochholz, and The Consumer Rights Law Group based on their conduct as counsel for plaintiff John R. Sharp, Jr. in *Sharp v. Kingsman Acquisition Firm, Inc. and Timothy Robinson*, 8:14-cv-2911-T-23AEP ("the underlying action").  In the underlying action, Sharp sued Robinson and Kingsman, a corporation allegedly owned by Robinson, for violations of the Fair Debt Collection Practices Act and Florida Consumer Collection Protection Act.  Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress.  For the reasons that follow, I recommend that

the motion be denied and Robinson be ordered to pay the requisite filing fee.[1]

In turning to Robinson's financial affidavit, I find that he fails to meet the
requirements to proceed *in forma pauperis*.  The *in forma pauperis* statute[2] is designed to
ensure "that indigent persons will have equal access to the judicial system."  *Attwood v.
Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam) (citing *Coppedge v. United
States*, 369 U.S. 438, 446-47 (1962)).  The right to file *in forma pauperis* in civil matters
is not absolute; "it is a privilege extended to those unable to pay filing fees . . . ."  *Startti
v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam).[3]  In determining *in
forma pauperis* eligibility, "courts will generally look to whether the person is employed,
the person's annual salary, and any other property or assets the person may possess."
*Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1
(E.D. Pa. Apr. 18, 2006) (citation omitted).  In the instant case, while Robinson is
currently unemployed, his affidavit reflects that he earned income within the past twelve
months in the amount of $1,187.00 per week (until March 2016), and his spouse is
employed and earns income in the amount of $2,918.00 per month.  Jointly, Plaintiff and

---

[1] The district judge referred Plaintiff's construed Motion for Leave to Proceed *in forma
pauperis* (Dkt. No. 2) under 28 U.S.C. § 636 (2006).

[2] *See* 28 U.S.C. §1915(a) (2006) (providing that "any court of the United States may
authorize the commencement, prosecution or defense of any suit, action or proceeding, civil
or criminal, or appeal therein, without prepayment of fees or security therefor, by a person
who submits an affidavit that includes a statement . . . that the person is unable to pay such
fees or give security therefor").

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the
Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior
to October 1, 1981.

his spouse own real property that has an estimated worth of $117,000.00 and a car that has an estimated value of $4,960.00.  (Doc. 15 at 2-3); *See Jackson v. Hovg LLC*, 2016 WL 3023853, n.3 (M.D. Fla. April 29, 2016) ("Spousal income can be considered in determining Plaintiff's ability to pay for the Court's fees and costs.").

Furthermore, Robinson does not contribute to his dependents' support on a monthly basis.  (Doc. 15 at 2.)  Although Robinson has financial debts to Credit One Bank in the amount of $3,798.00 and Syncrony Bank in the amount of $3,220.00, the affidavit indicates his sole monthly expense is his mortgage payment in the amount of $891.00 per month.  (Doc. 15, at 2-3).  Robinson's joint monthly income exceeds his monthly expenses and debts by approximately $2,027.00.  As such, Robinson's access to the courts does not seem to be blocked by his financial status.  *See Jackson v. Hovg LLC d/b/a Bay Area Credit Service*, case no. 3:16-cv-481-J-20MCR, 2016 WL 3023853 (M.D. Fla. April 29, 2016) (finding plaintiff and wife's monthly earnings of $4,200 sufficient to allow plaintiff to provide necessities for himself and his dependents, that their household expenses of $5,998.00 seemed inflated, and that he is able to pay filing fee and costs associated with action "without undue hardship" and that he did not meet financial criteria to proceed *in forma pauperis*); *Miller v. U.S. Postal Service*, case no. 8:13-cv-952-T-17AEP, 2013 WL 2250211 (M.D. Fla. May 22, 2013) (denying motion to proceed *in forma pauperis* where plaintiff received $1,301 a month disability income and his spouse earned $1,200 a month income which was greater than their monthly expenses and debts by approximately $1,442.19); *Jones v. St. Vincents Health System*, case no. 3:07-cv-177-J-32TEM, 2007 WL 1789242 (M.D. Fla. June 19, 2007) (adopting report and

recommendation finding court costs associated with pursuing plaintiff's suit not beyond plaintiff's reach and recommending denial of *in forma pauperis* status where plaintiff and wife's average monthly expenses did not exceed their monthly household income).[4]

Accordingly, after due consideration, it is hereby

RECOMMENDED:

1.  Robinson's Motion to Proceed *in forma pauperis* (Doc. 15) be DENIED.

2.  Robinson be ordered to pay the filing fee within sixty days of the Court's order on this Report and Recommendation to pay the filing fee.  If Plaintiff fails to pay the requisite filing fee to the Clerk within the allotted time, then this action should be dismissed.

IT IS SO REPORTED at Tampa, Florida on August 17, 2016.


MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has not reviewed the motion to proceed *in forma pauperis* (Doc. 15) under the standard for frivolity or failure to state a claim upon which relief may be granted because the Court has determined that Plaintiff fails to meet the threshold financial requirements of proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (stating that when an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief).