UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY ROBINSON,

    Plaintiff,

v.                                                CASE NO.  8:15-cv-2740-T-23MAP

CONSUMER RIGHTS LAW GROUP
PLLC, JAMES S. GIARDINA et al.,

    Defendant.
_____/

## ORDER

When the Plaintiff filed his malicious-prosecution complaint, the rules required him to serve the Defendants within 120 days unless good cause warranted otherwise. The Plaintiff, who is acting *pro se*, has had more than a year to serve the Defendants. Despite all this time, he has yet to serve them, and now he says he still needs more time – more than what the Court has already generously obliged him – to do what rules required him to do long ago and the Court's orders demanded he do (doc. 24). He blames himself for his most recent failure: "multiple clerical errors [that] are the result of inexperience, unfamiliarity, and excusable neglect." *Id.* But these reasons are like the ones he has given before. Because he has had more than enough time to serve the Defendants, and because his current excuse does not justify giving him more time, his motion is denied.[1]

---

[1] The district judge referred this motion to me for disposition. 28 U.S.C. § 636.

*Background*

The allegations in Plaintiff's complaint are not particularly germane to resolving the pertinent issues here. It is enough to know that the Plaintiff is suing the lawyers (James S. Giardina, Kimberly Wochholz, and The Consumer Rights Law Group) who sued him in an earlier action on behalf of someone claiming the Plaintiff had violated the Fair Debt Collection Practices Act and Florida Consumer Collection Protection Act.[2] The more important details here are when the Plaintiff filed his action – November 24, 2015 – and that he has still not managed to serve the Defendants despite the Court's liberal extensions allowing him to do that.

Rule 4(m), as the rule existed when the Plaintiff filed the complaint, required the Plaintiff to serve the Defendants within 120 days (now 90 days). When the Plaintiff had failed to file proof of service, the Court issued a March 24, 2016, Order noting that the time for effecting service of process on the Defendants had expired, and that the docket lacked proof of service. Nonetheless, the Court gave the Plaintiff until April 7, 2016, to request more time to serve the Defendants. That Order also instructed the Plaintiff to show good cause for his failure to serve the Defendants as required by Fed. R. Civ. P. 4 and to also show at least excusable neglect for his failure to request an extension before the expiration of the time for service as required by Fed. R. Civ. P. 6(b)(1)(B). *See* Order, doc. 7.

---

[2] That action occurred in this division. *See, Sharp v. Kingsman Acquisition Firm, Inc. and Timothy Robinson*, 8:14-cv-2911-T-23AEP ("the underlying action"). Sharp voluntarily dismissed the Plaintiff; however, Sharp succeeded against the Plaintiff's co-defendant. Hence, the Plaintiff complains in our action that Sharp's counsel acted vexatiously and maliciously.

The day after the Plaintiff missed the deadline, the district judge dismissed the action without prejudice. *See* Order, doc. 8. That spurred the Plaintiff to move to set aside the dismissal and grounds he had served Defendants Giardina and Wochholz on March 18, but had failed to file proof service – "an honest oversight and the result of inexperience and not carelessness or inaction" (doc. 9). While the Court accepted this as excusable neglect as to Defendants Giardina and Wochholz, those reasons did not apply to Defendant Sharp. Accordingly, the Court directed the following: the clerk was to re-open the action against Defendants Giardina and Wochholz and terminate Sharp as a party; the Plaintiff's complaint was stricken for failure to comply with the local rules; and the Plaintiff was to file an amended complaint by May 24, 2016, as to Defendants Giardina and Wochholz. Order, doc. 12. When the Plaintiff moved to extend the time to file his amended complaint, the Court granted the request and set a June 17, 2016, deadline, warning the Plaintiff of the obvious: "litigation in federal court requires compliance with the Federal Rules of Civil Procedure and with the Local Rules. Despite instruction, Robinson continues to disregard Local Rule 1.05(a). ... The court cannot assist a party, even a *pro se* party, in conducting a case." Order, doc. 14.

Despite his asking for the additional time and the Court acceding to his request, the Plaintiff missed the Court's deadline by more than a month, filing his complaint on July 22, 2016.[3] *See* Amended Complaint, doc. 17. Four months later (and five months from the

---

[3] The docket shows that Plaintiff attempted to file his amended complaint on June 17, 2016, but the docket entry was stricken due to failure to comply with Fed. R. Civ. P. 5(a)(1)(B). *See* doc. 16.

deadline), the Court noted the obvious from examining the docket – the Plaintiff had still not served the Defendants as the rules required. The Court consequently ordered the Plaintiff on November 14, 2016, to serve the Defendants by December 8, 2016. *See* Order, doc. 21. And for the Plaintiff's benefit, the Court set forth the requirements for service, warning the Plaintiff what would occur if he failed to abide by the Court's Order:

> By mailing (Docs. 10, 11, 18) a summons to each defendant, Robinson failed to serve Giardina, Wochholz, and the Consumer Rights Law Group PLLC in accord with federal and Florida law. No later than DECEMBER 8, 2016, Robinson must serve the defendants in accord with Rule 4. A failure to comply with this order will result in dismissal without further notice.

Doc. 21.

Plaintiff moved to vacate the November 14, 2016, Order (doc. 22). The Court denied the motion, finding that none of the Defendants had agreed to accept or had accepted service of process by mail, and that Plaintiff failed to serve the Defendants in a manner compliant with federal and Florida law. However, the Court granted the Plaintiff's request for additional time to effect service on the Defendants, stating that "... the time for service is extended through January 27, 2017, but the failure to serve a defendant properly and within that time will result in dismissal of the action against that defendant." *See* Order, doc. 23.

On January 27, the Plaintiff asked for more time – 21 days – to do what he has failed to do in the preceding year's time: serve the Defendant as the rules require. His current reasons are not that different from the ones he has served up before. He was mistaken about the Marshal's fees; he needs to create an "alias summons"; and he's made "multiple clerical errors [that] are the result [of his *pro se* status and] inexperience, unfamiliarity, and

4

excusable neglect." *See* doc. 24, p.2. He adds the "Defendants will not be prejudiced by the extension and they deserve an opportunity to answer once the Complaint is Served in full compliance with Florida State Law." *Id.*

*Discussion*

While a court liberally construes a *pro se* litigant's pleadings, *pro se* litigant still must abide by the procedural rules including the requirements pertaining to effecting service of process. *See Albra v. Advan., Inc.*, 490 F.3d 826 (11th Cir. 2007) (also noting that actual notice is insufficient to cure defectively executed service). Rule 4(m) is the operative rule:

> If a defendant is not served within 90 days after the complaint is filed, the court– on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. ...[4]

"Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey v. Carroll City Comm'rs*, 476 F.3d 1277. 1281 (11th Cir. 2007) (quoting *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991)). None of the Plaintiff's reasons – which boil down to his unfamiliarity and his inexperience with the process – meets the good-cause standard, particularly when the Plaintiff has had more than a year to figure all this out, aided by the Court's explanations about what he needed to accomplish. Besides, even with multiple extensions, he has not only failed to serve the Defendants, he has missed the Court's deadlines and has often acted when

---

[4] Since the filing of this case, the timing for effecting service of process was shortened from 120 days to 90 days. *See* Fed.R.Civ.P. 4(m), advisory committee's note to 2015.

5

the Court has forced him to act. *See* Orders, docs. 21 and 23. The last Order plainly warned him that "the failure to serve a defendant properly and within that time will result in dismissal of the action against that defendant." *See* Order, doc. 23. That, together with the Court's previous admonitions, should have spurred the Plaintiff to act. It did not, at least in the manner that the rules demand for service of process.

      Once a court finds that a plaintiff has failed to show good cause for failing to timely serve under Rule 4(m), the court must next consider whether any other circumstances warrant an extension of time based on the facts of the case. *See Lepone-Dempsey, supra,* 476 F.3d at 1282 (finding that after considering whether any such factors exist the district court may exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time); *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129 (11th Cir. 2005) ("Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause"). "In determining whether to exercise its discretion in extending the time for service of process, a district court may look to whether the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Boston v. Potter*, 185 Fed. Appx. 853 (11th Cir. 2006) (quoting *Horenkamp, supra,* at 1132-1133). Even the running of the statute of limitations, however, does not require the district court to extend the time for service of process under Rule 4(m). *Id.*[5]

---

[5] There is no evidence that the statute of limitations would bar a refiled action. The statute of limitations for malicious prosecution is four years, and the action accrues when the last element constituting the cause occurs. Plaintiff's allegations for malicious prosecution

6

In the end, this has always been the Plaintiff's lawsuit to prosecute. That he is representing himself is his right, but that status does not give him the leeway to avoid his obligations in taking up this litigation. Even without the benefit of counsel, he is still required to follow the same procedural rules and deadlines like any other litigant. *See Moon v. Newsome*, 863 F.3d 835, 837 (11th Cir. 1989); *White v. Americas Servicing Co.*, 461 Fed. Appx. 841 (11th Cir. 2012) (affirming district court's dismissal of defendant where *pro se* plaintiff failed to properly effect timely service of process). The Plaintiff has more than enough time to serve the Defendants as required, and no special circumstances warrant further extending the time for service.

Accordingly, it is

ORDERED:

1. That the Plaintiff's Motion for Enlargement of Time to Serve Defendants (doc. 24) is DENIED.

IT IS SO ORDERED at Tampa, Florida on February 15, 2017.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

did not accrue until the last element constituting malicious prosecution, the dismissal on September 3, 2015. *See* Fla. Stat. § 95.11(3) (four year statute of limitations for malicious prosecution); § 95.031(1) (accrual); *Sharp v. Kingsman*, case no. 8:14-cv-2911-T-23AEP, doc. 26 (order dismissing Robinson with prejudice).