2017 MAR -2 AM 11:

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY E. ROBINSON,

PLAINTIFF,

vs. Case NO.8:15-cv-2740-t-23 MAP

CONSUMER RIGHTS LAW GROUP PLLC

JAMES S. GIARDINA et al ,.

DEFENDANTS,
_________________________________/

PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS

Pursuant to Fed. R. Civ. P and Local Rule 72(b), Plaintiff objects to The Magistrates Judge Report & Recommendation (R&R) (DOC 27) filed February 27, 2017. Pursuant to Fed. R. Civ. P 72(a) Plaintiff objects to the Magistrate Judge R&R (DOC 27) Filed February 15, 2017.

The Magistrate Judge erred in recommending the Court deny Plaintiff Motion for an Extension to serve Defendants. The Magistrate Judge ordered a Dismissal (DOC 27) Stating the Plaintiff failed to show *good cause.* The standard of good cause is equivalent to excusable neglect and requires a showing of good faith and some reasonable basis for failing to timely serve the Complaint.

Plaintiff is mindful and appreciative to The District Courts patience and previous Extensions that have been granted. However The R&R fails to acknowledge Plaintiff

did show good faith by serving the Defendants with the Summons on July 25, 2016.

1. R&R disregarded the Proof of Service Plaintiff provided to The Court July 2016.

2. The Court and R&R failed to acknowledge that the Defendants were in possession the Summons, and Plaintiff provided proof it was received and signed for by Olivia Nichols.

3. The Court and R&R fail to acknowledge that the court waited four months to inform Plaintiff that Defendants had not been *served* (DOC21) in accordance to Rule (4).

4. This was not willful contempt, Plaintiff mistakenly believed Defendants were timely Served in compliance with statue and was not informed by The Court until November 14, 2017 (DOC 21). *Leader v Maroney, Ponzini & Spencer,* Scarabaggio v Olympia & York Estates

5. The R&R fails to acknowledge Plaintiff complied with Order and paid $400.00 filing fee.

6. The ORDER (DOC26) states Good cause exists only when some outside factor Such as reliance on faulty advice, with all due respect the pace of this case was also obstructed by Late ORDERS to pay a $400.00 filing fee and Serve Defendants *again* almost a year after the Original filing and four months after they had been served and remain in possession of the Original Complaint.

7. In fairness, The Court did grant in part Plaintiff Motion for extension to serve Until January 27, 2017. The Court and The R&R fail to state or acknowledge that Plaintiff notified a Process Server in Hillsborough County who advised Plaintiff to get an alias Summons from the Court. This prevented Service and an extension of time was warranted.

8. The Court and R&R disregarded and/or failed to acknowledge Plaintiff requested the updated Summons prior to January 27, 2017 but did NOT receive an updated Summons

in time to honor the January 27th deadline.

9. Plaintiff is well aware of how valuable the Courts time is and is appreciative of the Patience that the Court has exhibited with this inexperienced Pro Se Litigant.

10. Plaintiff has a meritorious case and it should be tried in a Court of Law.

11. The Court and R&R failed to take into consideration that the Process Server has the The address for Defendants, is prepared, and Plaintiff previously stated that on record.

## CONCLUSION

For the foregoing reasons, the Court should reject the Magistrate Judge Report & Recommendation (DOC27) and set aside the dismissal and reopen the Case. Plaintiff Had every intention complying with January 27, 2017 deadline but was advised by Process Server to get a new Summons and Plaintiff acted accordingly. If the advice Plaintiff received was faulty, then Plaintiff respectfully requests The Judge to reject the R&R and reopen this case.

Dated February 24, 2017

Respectfully Submitted,